Next case is numbers 20-2793 and 20-2799. Dritan Duka v. United States and Shane Duka v. United States. Ms. Manley. Good morning. Excuse me. Kathy Manley for Dritan Duka and Shane Duka.  Granted. There's three independent reasons why the clearly invalid 924C convictions must be vacated herein, and the concurrent sentence doctrine cannot be used to preserve them. First, the whole reason for that doctrine is judicial efficiency. And here, where the convictions are clearly invalid, it would have saved judicial resources had the district court simply vacated them. Secondly, the doctrine explicitly only applies to concurrent sentences, so to apply it herein would require expanding this problematic doctrine. Third, several circuits don't apply this at all or don't apply it where there may be collateral consequences to the conviction in question. Any one of those reasons is enough to foreclose application of the doctrine. What are the collateral consequences here? Well, I understand that that's... We're on habeas now. Right. Which is different from direct appeal. So I understand that this court in Ross said that we can't use this special assessment as a collateral consequence. Correct. And that then some of the Second Circuit recently agreed with that in Kosser. But I'm not necessarily relying... First, I'm arguing that some circuits do either allow the special assessment to be considered a collateral consequence in the habeas context, or they say they just don't apply the concurrent sentence doctrine at all, regardless. Or the Fifth Circuit says if it looks like we don't want to reach the merits of an issue, we'll just vacate the unreviewed conviction. So I'm not really relying on the special assessment at this point. But I think you still have the other prerequisites to apply this doctrine. You're right. The district court said I'm applying the rationale of the concurrent sentencing. Right. But most importantly, the district court realized that the 924C conviction was predicated on a conspiracy and realized that the prosecution had conceded that that cannot happen anymore under the Supreme Court case law. And no circuit court, including this one, has ever applied the concurrent sentence doctrine to preserve a clearly invalid unconstitutional conviction. In Logan v. DA of Allegheny County, this court explained that the concurrent sentencing doctrine provides a court with, quote, of legal issues affecting less than all counts of the indictment, where there is at least one count will survive and the sentence on the challenged count is concurrent. And here, as I said, it's crystal clear that this count is predicated on a conspiracy and that it's impermissible. Assume that's correct, counsel. Assume it's crystal clear and assume that the sentence couldn't stand. What practical difference, though? And I understand there's a nomenclature between consecutive and concurrent, but what at the end of this is the difference to the defendant's sentences given their convictions on the other counts? Well, I think it's problematic to let an unconstitutional conviction remain, especially using a doctrine that's intended to preserve judicial resources when that's not the case here. What's the best argument for that, though, counsel? Let's assume there is some tension between the way the Constitution should be best understood, maybe as an original matter, and where we now stand where all sorts of convictions that seem to have less than a fulsome evidentiary backing, harmless error, plain error, right, they show up all the time. So how do we square those doctrines and this case with where we now stand in our understanding of the Constitution? I don't think any court has applied this to convictions that are clearly invalid. And the harmless error analysis, the problem with that is the district court, I mean, he knew that these convictions were clearly invalid. He didn't apply the harmless error analysis to his own error. I mean, he was just saying that he was following this doctrine, which really didn't apply there. And then if this court was to apply a harmless error analysis, I mean, that's generally done in order to avoid a new trial where it won't make any difference or to avoid reaching the merits of a contested issue. But again, that doesn't apply here. This is clearly invalid. How does it make a difference here? Let's assume we agree with your argument that the concurrent sentence doctrine should not apply to consecutive sentences. That's the crux of your argument, right? It's never been done before in a circuit court, right? So assuming we agree with that as a logical meritorious argument, what practical relief accrues to your clients? Well, there might be some relief in terms of how the Bureau of Prisons would treat them now that they wouldn't have the firearm convictions anymore. I don't know, but I just think it's easy enough. I'm not sure that kind of speculation is enough in a habeas case. Getting back to Judge Sirica's question, you know, it seems like perhaps it's an academic matter. Again, if we agree with you on the merits of the argument, but your clients still have to spend the rest of their lives in jail, what's the habeas relief? You know, a better meal, better job assignment, are those cognizable on habeas? Well, I think the rationale, even the rationale of the concurrent sentence doctrine doesn't apply here because, again, there's nothing that needs to be decided. I'm assuming, I'm saying we, let's assume we agree with you on that. Okay. What I'm trying to suss out is there are all kinds of things that prisoners are subjected to, right? You might get a good prison job. You might get access to the library. There are certain privileges, benefits, and detriments that prisoners suffer or enjoy, right? You know, you might get put in the restricted housing unit, et cetera. I understand your point to be that if you prevail on this appeal, you're speculating that maybe the prison would treat your clients differently. They might maybe be put in a different cell block or such a thing. Are any of those things cognizable on habeas? Well, I think they may be, but it's not necessary. Well, what case tells us that? Well, because I, you know, habeas, the typical habeas case is somebody gets freed. I mean, it's the Latin phrase, right? They get freed from incarceration. Or maybe a sentence is altered. The term of custody is reduced. But what I'm wrestling with here is even if we agree with you on the merits, I'm having trouble seeing any change in custody here. Well, and I don't think it's necessary to find that. You can just vacate the conviction because the doctrine doesn't apply to preserve it. There's no cost to just vacating it, and that's been done in many, many courts in the habeas context. And also we're asking for this to be sent back for a full resentencing. The district court didn't reach that issue because he didn't vacate the conviction. It does happen sometimes. I know Responda argues that that can only be used to increase the sentence, but it does happen sometimes that you have a full resentencing, and it could be with the same judge or a different judge, which we're also requesting, that sometimes the sentence on the conviction that was not vacated is actually lowered, not raised. That just happened recently in the case of United States v. Casio in the Eastern District of New York. He had concurrent terms of 27 years for conspiracy to murder, the same charge we have here. And after the 924C count was vacated, the district court reduced those terms to 25 years. So there he gets out two years earlier. And I think this court should vacate the conviction and remand it for consideration of whether there's going to be a full sentencing or not. And we're asking for it to be sent back to a different judge. I don't know that that will happen, but we think that the district court made a pretty serious error by realizing that there was nothing to be decided, realizing that this conviction was clearly invalid, and using this doctrine, which requires the purpose of saving judicial resources, clearly didn't apply, and then using it for a consecutive sentence, that that was a pretty serious abuse of discretion, and so that it should be sent back to a different judge. But let's see. Yeah, and then I don't know if I have a couple minutes left, but the prosecution, for the first time on appeal, wants to somehow argue acquitted conduct. Well, first, that argument is waived because that was never raised below. In this case, it was never raised at sentencing. And, again, the district court judge said, this is predicated on the conspiracy, and the prosecution conceded that the conspiracy can't be a predicate for the 924C. At the sentencing, when asked about the effect of the acquittals on the terrorism enhancement, the prosecutor argued that the enhancement could still apply, even without evidence of attempted murder, and noted that the acquittals likely occurred because the jury was told correctly that preparation is insufficient to constitute a substantial step. And I would argue, as I argued in the brief, that there wasn't even really enough evidence of a conspiracy here, let alone a substantial step, and that this was essentially a conspiracy to kill unknown people in an unknown place at an unknown time. And when it was clear at trial that the prosecution couldn't rely on the co-defendants' discredited claims that the Dukas were part of a conspiracy to attack Fort Dix, then the prosecution changed its theory at trial to say that they could be convicted without that evidence, based on vague statements, mainly in one day, out of all these hours and hours and days and months of recorded conversations, based on statements made essentially on one day, which were very, very vague. And it's absurd to argue now that this could somehow be found to constitute attempted murder. So the court should not, in any way, give credence to that argument, and just realize that these convictions, the 924C convictions, are clearly invalid, and the concurrent sentence doctrine and the harmless error rule can't be used to preserve them, and just vacate them, and then decide about sending it back for a full re-sentencing. I think I'm about out of time. I'll come back on rebuttal. Thank you. We'll hear you on rebuttal. Thank you. Mr. Romano. May it please the Court, John Romano for the United States. The rationale of the concurrent sentence doctrine is that a court can decline to reach the merits of a claim where granting relief would have no real-world practical effect. That fits this case to a T. I think a good illustration of this, and this is something that I'm sure your clerks use and that your Honor uses, is something that I use, is the BOP inmate locator. I've had cases, you check the inmate locator, it tells you when the defendant will be released. Where I've had cases where defendants have got relief, and you can see, you check the locator, and their date has been moved up. They're going to receive some relief. They're going to get out of custody earlier. BOP inmate locator for these defendants currently lists their release date as life. If this case goes back, if these counts get vacated, the BOP inmate locator will still say that their release date is life. They will get no relief from vacating these convictions. Even if we agree with you on that, it seems sort of silly that if the government agrees and the judge agrees that a conviction is invalid, that it not be vacated. Why wouldn't a trial just vacate it? Well, two things, Your Honor. First of all, I don't think that anyone, the judge did not reach that question. The defendant keeps saying, well, the judge knew these things were invalid and then declined to vacate them. The COA was granted in this case. It's on page 4 of the appendix. Judge Kudler said, the COA shall issue on the court's application of the concurrent sentence doctrines rationale in declining to review petitioner section 924C convictions. And I think if you read the opinion, that's exactly what happened. All right, so the reason they're not reviewed is because it will have no practical effect. Exactly. All right. But I want to make sure that if you're correct, that the petitioner doesn't get zugzwang, to use a chess term here. Imagine, just for the sake of argument, I know you'll think this is a fanciful hypothetical, but imagine that they get the other convictions thrown out. Then they come to court and say, these 924C convictions are, everyone agrees, they're invalid. Are they going to be untimely? If that habeas case would impact their custody, are they untimely? I would say no, Your Honor. First, let me set aside, I disagree with the fact that we agree that these are invalid 924C convictions, and I'll get back to that in a second. But one of the reasons I sent that Casier case last week was I think Judge Nardini's opinion was an excellent description of what would happen here. And that is if this later becomes ripe or this later makes a difference, then the court can revisit that because, again, nothing has been decided. Judge Kuhler did not deny their relief. I was reminded of a phrase this morning, and it might not be an old phrase, it might be a new phrase, it's not goodbye, it's see you later, maybe. If something happens to those other convictions and they have a valid reason or a valid vehicle to challenge them, then in that petition or in that motion, they can bring up, hey, our 924C convictions have never been, no one's ever reached the merits of our 2255 claim on that. And then they can be decided. I think Judge Nardini's opinion makes that clear in Casier. And I think, quite frankly, Justice White's concurrence in Benton says the same thing. If this later becomes an issue, then it can be decided. Justice White said, you know, there's nothing inherently unfair in permitting the record to become colder while it is irrelevant to any human need and other litigants' demands are more pressing. If this somehow makes a difference later on, then the court can decide it then. And I think this court could make that clear in its opinion. Hey, we're not actually dismissing this with prejudice. You know, Judge Kuhler applied a prudential doctrine not to reach it, and that was not an abuse of discretion. And if this later becomes relevant, then the court can decide it. But it's just simply not relevant now. And they will get no relief from this. They will not get out of prison earlier. As Your Honor pointed out, the special assessment is not something that's cognizable on 2255 relief. They've pointed to nothing else. There's no reason to believe, again, the Casier court, and I think this court in Ross, and I think Your Honor alluded to it in Gardner, you know, there are some other collateral consequences that are discussed in the concurrent sentence doctrine, whether you should apply it or not. You know, if you look at those here, none of them apply. Effect on parole eligibility. There's no parole in the federal system. Future application of recidivist statutes. Defendant's credibility in future trials. Possibility of pardon. Societal stigma of the conviction. They're in jail for life. None of these things really apply. And by the way, they were convicted of all the underlying facts that underlie the 924C conviction. Conspiracy to murder members of the military. Possession of machine guns. Illegal possession of guns by illegal aliens. The 924C conviction itself doesn't really play any real role in any of these collateral consequences because they've been convicted of all the underlying stuff anyway. And the other, I would add one more factor that could be considered, and that is, is it a fact-based challenge or is it a legal-based challenge? You know, if your claim is based on facts, maybe it counsels in favor of considering it now and not waiting. This is a legal challenge. Whether conspiracy to, you know, murder members of the military is a crime of violence, and whether there was sufficient evidence of the attempted murder. Those things could be decided 20 years from now. They don't need to be decided now. Memories aren't going to fade. Evidence isn't going to go away. It's not that kind of claim. And let me get back to the attempt issue. You know, the government should have, I mean, it would have been better if the government had noted that other predicate in the district court. But that hasn't been waived. Again, Judge Kugler hasn't reached the issue yet, and the government never said, oh, by the way, we're not relying on the attempt. That's no good. There's no reason why, if this case were to go back to Judge Kugler, that he couldn't look at that and say, yeah, there's another predicate here. It's for the attempted murder. And under this Court's precedent, that can still be a valid 924C predicate, even though they were acquitted of that conduct. That's Justice Alito's opinion in link. And so, and again, you know, the defendant got into all these claims that there wasn't sufficient, you know, evidence. Look, Judge Kugler would need to go back, review the record, and figure out whether there was sufficient evidence. I would point out that he denied their Rule 29 motions on the ground that they got fully automatic weapons. That was a substantial step in their, you know, attempted murder of members of the military. So I think he would find that there was sufficient evidence of that anyway. But the point is, there was no reason to get into all that because there's no practical effect. And quite frankly, if we're looking at pressing judicial, you know, resources, we're at a point where defendants have been waiting for trials for a year and a half in a district that was down six judges for about four or five years. I think Judge Kugler made the wise decision in saying, look, let's not get into all this. You know, I'd have to write an opinion about this. I'd have to consider the, you know, again, the government concedes that conspiracy is not a crime of violence. But I'm not a judge. Judge Kugler is the judge. And this Court hasn't even decided that issue yet. He'd write an opinion about it. He'd have to get into the categorical approach. He'd have to get into the attempt issue. Let's save these resources for people who really need them right now. And if this becomes an issue later on, then we'll address it. Is the practical consequence your strongest argument here? Well, Your Honor, I think that's, I mean, that's the basis for. No, I say that because other courts have used different rationales, harmless error, so forth. What does the government think is the best way to frame an affirmance of Judge Kugler? Honestly, Your Honor, I think that the rationale of the concurrent sentence doctrine is the one that makes the most sense. I know the Seventh Circuit, and again, the Seventh Circuit applied a similar rationale in a consecutive case. It was recently in release. To me, the concurrent sentence doctrine rationale makes a little bit more sense because, again, it's the same exact rationale. It's the same reason for invoking it, the practical reasons. And, in fact, I think it might even be stronger in a case like this where you're applying a sentence that's consecutive to life. You could imagine, you know, concurrent sentence doctrine has applied for 200 plus years. It's applied in cases with, let's say, 10-year concurrent sentences. There you could imagine some of these collateral consequences coming into play. You know, the defendant is going to get out. Maybe there will be a stigma. Maybe he will be affected later on. Where it's consecutive to a life sentence, none of those things come into play. So I think that the rationale of the concurrent sentence doctrine makes a lot of sense. And I think that it's helpful that it's a discretionary call. If a judge wants to reach this issue, fine, go ahead. There's nothing wrong with that. But there's no reason to do it if you could save, you know, because it saves resources. And, again, I think Judge Kugler found it did save resources. I know we're here. We're arguing it. We had to brief it. But once this Court makes its decision, in all future cases, it will be as simple as saying, oh, yeah, in that case, we said we could do this. In a consecutive to life sentence, we can invoke this doctrine. And then we won't be here and having to brief it and having to argue it. So you concede if it's not perfectly concurrent or consecutive, then it has to be adjudicated, right? If they were looking at 50 years instead of life, this claim would have to be adjudicated, right? Yeah. And I think Ruiz makes that clear, too. It's going to come up in very narrow cases, consecutive to a life sentence. That's the only time where I would think it would apply in a consecutive case. And, again, in a system with no parole, probably, too. So I think you're looking at a very narrow window of cases, which is probably why it hasn't arisen very much in the past. But, yeah, and, again, I think that that rationale is the one that makes sense. And judges can use their discretion. And this Court could lay out, hey, these are some things courts should consider. But, again, Judge Kugler, I just want to make this clear, Judge Kugler did not say, hey, this is invalid, but, you know, I'm just not going to decide it. Judge Kugler didn't get there. And Judge Kugler made a finding on page, I think it's 21 of the appendix, that this would save resources. He didn't explain what his reasoning was, but I assume it's because he'd have to make an opinion, he'd have to get into it, et cetera. And I guess the last point I should make, Your Honor, is nothing could be clearer from this record. I mean, nothing. Page 21 and 22 of the appendix, Judge Kugler said there is no circumstance under which their life sentence for conspiracy to murder would change. And so there's no argument that, hey, maybe he would give a shorter sentence if we vacated these. Well, that's why they want another judge. Yes, Your Honor. But this Court has commended Judge Kugler in this case. He's done an excellent job. And I think by granting the COA in this case, he was saying, yeah, this is something new. Maybe the Court of Appeals should decide. There's absolutely no reason to reassign this case to anybody. And there's no reason why, even if these sentences were, these convictions were vacated, that there'd need to be a de novo resentencing. If this Court has no other questions, I'd ask this Court to affirm for the reasons that Judge Kugler gave. Thank you, Mr. Romano. Let's hear rebuttal from Ms. Manley. I can't imagine what kind of, anything that Judge Kugler thought was, remained to be decided here, because he knew that the conviction was predicated, that the 924C was predicated on the conspiracy, and he knew that that was impermissible, and that the prosecution had conceded that. I mean, the Davis case in the Supreme Court was really clear about that. It was clear from the record, but isn't Mr. Romano correct that technically Judge Kugler didn't reach that issue? He blocked this case at the threshold. He invoked, as I read the record, correct me if I'm wrong, he invoked the concurrent sentencing doctrine. He applied it to a new factual scenario, a consecutive sentence, and declined to address the issue. Isn't that what happened here? He declined to address it, but from what he said, it was, I think, clear that he believed that there wasn't really anything for him to decide on the merits, because he knew that the 924Cs were predicated on the conspiracy, and he knew that that was impermissible. So there was nothing, even imaginably, for him to decide there. There was never any question of predicating it on the attempted murder. That argument should be waived. That was never, oh, excuse me. That argument was waived, and even if it somehow was reached here, the cases, that never happened before. There was never a case where acquitted conduct was used to preserve a 924C conviction or anything like that. USV Tyler and USV Gladdy did not involve any acquittals, and USV Lake, this court in 1998, said that the jury had clearly found all the facts necessary to constitute the carjacking predicate of the 924C charge, and so we don't hear, the jury clearly did not find the facts necessary to convict them of attempted murder, acquitted them of attempted murder. The elements for conspiracy were very different, didn't require the preparation, the substantial step, and so you can't argue that the jury's findings in any way supported using attempted murder as a predicate for the 924C charge. So that's just not something that is cognizable, that never was raised before. At the sentencing, it seemed that they realized that there was no way that they could use attempted murder, acquitted conduct for attempted murder. There just wasn't the evidence of it, and to bring that up now is just improper. It was never reached in this case. In this particular proceeding, the district court knew that what we're talking about is the conspiracy, and he knew that that was invalid, and so it was improper of him to not simply vacate it and to use this doctrine in a way that it was not intended to be used. I'm out of time. Thank you. Thank you very much, Ms. Manley. Thank you, Mr. Romano. The court will take the matter under advisement.